```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                               )
DANIEL LEE,                    )
       Plaintiff,              )
                               )
     v.                        )    C.A. No. 14-237 S
                               )
JOHN DOE #1-7,                 )
       Defendants.             )
_____)
```

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

WILLIAM E. SMITH, Chief Judge.

Plaintiff Daniel Lee, pro se, an inmate at the Adult Correctional Institutions, Cranston, R.I., has filed a Complaint (ECF No. 3), an Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 4), and a Motion for Appointment of Counsel (ECF No. 5). The Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### DISCUSSION

Having read Lee's one-paragraph Complaint, the Court finds it to be a "bare bones" statement of his claim. Lee gives an approximate date on which "defendant doe," presumably John Doe #1 or #7, allegedly placed him in a

choke hold while John Doe defendants #2-6 held him down.[1] (Compl. 3.) Lee further alleges that he was sprayed with an "excessive amount of O.C. spray." (Id.) He does not state what injury or injuries he suffered as a result of these alleged acts, nor does he state what, if any, administrative remedies he pursued through the RIDOC.

In his Civil Cover Sheet, Lee lists 42 U.S.C. § 1983 as the basis for this Court's jurisdiction, (Cover Sheet 2), but nowhere in the Complaint does he reference § 1983 or any constitutional or statutory right which has been violated, although, again in his Civil Cover Sheet, he alleges "excessive force/assault." (Id.) He also does not state what, if any, efforts he has made to identify the John Doe defendants.

As for relief sought, the Complaint refers to "Declaratory Judgement," but does not specify what he wishes the Court to declare. (Compl. 3.) Similarly, in the Complaint Lee requests compensatory and punitive damages, but fails to specify an amount. (Id.) The Cover Sheet lists $10,000 but, similarly, does not indicate whether this is the total amount of damages he is seeking

---

[1] Lee identifies John Does #1-7 as correctional officers at the Rhode Island Department of Corrections (RIDOC). (Compl. 3.)

or if he means $10,000 from each defendant.  (Cover Sheet 2.)

Accordingly, Lee is directed to file an amended complaint which:

(1) Shall be entitled "Amended Complaint;

(2) Lists the names of all the defendants in the caption;

(3) Includes a "short and plain statement of the grounds for the Court's jurisdiction," pursuant to Federal Rule of Civil Procedure 8(a)(1);

(4) Includes a "short and plain statement of the claim showing that the pleader is entitled to relief," pursuant to Fed. R. Civ. P. 8(a)(2);

(5) States specifically what relief he is seeking;

(6) Describes what administrative remedies, if any, he pursued through the RIDOC;

(7) Is a complete document, capable of being read and understood without having to refer to other documents, for example, the Civil Cover Sheet; and

(8) Organizes his claims in separate paragraphs as required by Fed. R. Civ. P. 10(b).[2]

---

[2] Fed. R. Civ. P. 10(b) provides, in relevant part: "A party must state its claims or defenses in numbered

3

Lee shall be allowed a limited period of discovery of **sixty (60) days** in which to ascertain the names of the John Doe defendants. His Amended Complaint shall be filed on or before **September 8, 2014**. At that point the Court will rule on Lee's pending motions.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: July 9, 2014

---

paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).